11L 345
14L 567

J. B. THOMAS *et al. v.* N. N. NORTHCROSS *et al.*

WILLS. *Construction.* A clause of the will provides as follows: "I give and bequeath to my oldest son, James A. Thomas, the fifty-five acres he now lives on during his natural life, provided he has no children, and if he should have children, I give and bequeath it unto them, and in case he should have no children at his death, it is to return back to my then living children, *unless* he should fail to pay Thomas D. Thomas a note of hand that I stood his security for $150 bearing interest from date, and if he fails to pay the note, the said land is to be sold and pay it" *Held,* that the children of Thomas had no interest in the land, he having failed to pay the note. The estate never vested in the father, nor gave any right to the children, until the condition was performed.

FROM GIBSON.

Appeal from the Chancery Court at Trenton. JOHN SOMERS, Ch.

JOHN S. COOPER for complainants.

M. M. NEIL for defendants.

FREEMAN, J., delivered the opinion of the court.

There is a view of this case very earnestly pressed on us by counsel of defendants, which if acceded to

is conclusive of the result as to these plaintiffs. They are the two children of James A. Thomas, and claim the land under the fourth item of the will of Jacob Thomas, their grand-father, they having been born some nine years, perhaps, after the will was made.

This clause is as follows: " I give and bequeath to my oldest son, James A. Thomas, the fifty-five acres he now lives on during his natural life, provided he has no children, and if he should have children, I give and bequeath it unto them, and in case he should have no children at his death, it is to return back to my then living children, *unless* he should fail to pay Thomas D. Thomas a note of hand that I stood his security for $150, bearing interest from date, and if he fails to pay the note, the said land is to be sold and pay it."

It is clear James A. Thomas did not pay the note, and the land was attempted to be appropriated to its payment, by an arrangement between Thomas D. Thomas the holder, who was the executor of the will, by which the land was conveyed to him in satisfaction of the note, and some money paid by him to the father of these children.

The contention is substantially, that this estate never vested in the father, nor gave any right to the children, until the condition was performed, or if vested in the father, still the condition not being performed was divested, and defeated as to all parties by failure to pay the note.

After much consideration, we conclude this is the better construction of this item of this will.

The gift is in the previous part of the clause, but the condition is clear, and the intention certain, that if not performed, the land was to be disposed of under the will, or rather is disposed of by the will, and devoted to another purpose, inconsistent with the former estate giving either to the father or any children he might have, and in a way that necessarily defeated any estate that either might take under the will. In a word he disposes of it as his own property and specially charges it with this debt. Suppose the father had lived until the time of payment, and the son had failed to pay this debt, would it not be clear, that he would not have given him the land, but have appropriated to this debt, in the event he had intended it should thus be discharged? That he did intend it should be discharged by this land is the primary intention of the testator, and to make that intent effective, he has directed it shall be sold to pay it, if not paid by the son.

The son, James A., and the executor so understood the will as evident by the fact, that they both join in a conveyance by which the land is conveyed in payment of the debt, and the father of these children yields all claim to the land and removes to Missouri. The children's right did not stand higher than the father's under the will. Both were to exist as directed, unless the father failed to pay this debt. But if he did fail, then the testator's will was that neither should have it, and it be sold to pay it. This having been done, the primary purpose of the testator has been carried out and his will been effectuated.

If the construction we have stated is the true one, then it makes no difference to these complainants whether the power was executed formally or regularly by the executor or not. They had no estate or rights to be affected by it, and therefore cannot complain or be heard to assert a title until they first show the condition was performed on which their right was to accrue, to·wit, the payment of the note.

The result is the decree of the chancellor, for different reasons from those by which he rendered his conclusion, is affirmed, and the bill dismissed with·costs.